**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1999**

FILED

April 21, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **AARON BRYANT,** | ) | **C.C.A. NO. 01C01-9801-CR-00038** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus, Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:

ROGER K. SMITH
104 Woodmont Boulevard
Nashville, TN 37205

WILLIAM M. KALUDIS
211 Third Avenue North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

STEVE DOZIER
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Aaron Bryant, appeals the denial of his petitions for post-conviction and habeas corpus relief. Defendant pleaded guilty on February 2, 1995 to aggravated sexual battery, and the trial court sentenced him to ten years as a Range I offender. On September 20, 1996, he filed a petition for post-conviction relief challenging the validity of the indictment returned by the Davidson County Grand Jury for failing to state the applicable mens rea. On October 30, 1996, Defendant filed an amended petition for writ of habeas corpus.

Both petitions were denied by the trial court on December 17, 1997. Defendant initially appealed only the denial of post-conviction relief, but this Court permitted the filing of a substitute brief, which addressed only the denial of habeas corpus relief. We address both issues and find no merit to either petition. We affirm the trial court's denial of post-conviction and habeas corpus relief.

As the State correctly notes, Tennessee Code Annotated § 40-30-202 granted Defendant one year from May 10, 1995 in which to file a petition for post-conviction relief. However, his petition was filed on September 20, 1996, more than four months past the expiration of the statute of limitations. Therefore, his petition was time-barred, and the trial court properly denied relief on that basis.

With respect to his petition for writ of habeas corpus, Defendant argues that the indictment charging him with aggravated sexual battery was defective for lack of stating a particular mens rea. He contends that because the indictment

was fatally flawed, the trial court lacked jurisdiction to accept his plea of guilty and to convict him of the offense.

The State argues (1) that this Court cannot properly consider the issue because the indictment is not contained in the record, and (2) that this issue, if addressed on the merits, has been squarely resolved against Defendant's position by the Tennessee Supreme Court's recent decision in Ruff v. State, 978 S.W.2d 95 (Tenn. 1998). We agree with both assertions.

The record on appeal does not contain a copy of the indictment; and we previously denied Defendant's motion to supplement the record with the indictment on the authority of Tennessee Rule of Appellate Procedure 13(c), which permits this Court to consider "those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14." Because neither this Court nor the trial court can properly address the merits of Defendant's argument due to his omission of the indictment, we affirm the trial court's dismissal of Defendant's petition for habeas corpus relief.

Nevertheless, even if the indictment in this case is consistent with the portion quoted by Defendant in his brief and petition—

> [Defendant,] on a day in 1993 in Davidson County, Tennessee, and before the finding of this indictment, did engage in unlawful sexual contact with [D.H.],[1] a child less than thirteen (13) years of age, in

---

[1] Due to the victim's age and the nature of the offense, we identify the victim by initials.

violation of T.C.A. 39-13-504, and against the peace and dignity of the State of Tennessee

—the indictment is valid to confer jurisdiction upon the trial court in this case.

The recent supreme court case of Ruff v. State, 978 S.W.2d 95 (Tenn. 1998), squarely resolves the case at bar. In that case, the defendant challenged under State v. Hill, 955 S.W.2d 725 (Tenn. 1997), the validity of an indictment for aggravated sexual battery—the same offense at issue in this case. The indictment read:

> GEORGE ANTHONY RUFF, on the 27th day of March, 1991, in Blount County, Tennessee, did unlawfully engage in sexual contact with [A.K.], a person less than thirteen (13) years of age, in violation of Tennessee Code Annotated, Section 39-13-504, all of which is against the peace and dignity of the State of Tennessee.

Ruff, 978 S.W.2d at 96-97 (alteration in original). Following an application of the factors noted in Hill, the Ruff court concluded that "the indictment against Ruff clearly satisfies the requirements set forth in Hill, and the conviction based on it is valid." Id. at 97-98. This issue, if addressed on its merits, does not render the conviction at bar void.

We conclude that the trial court properly denied Defendant's petitions for post-conviction and habeas corpus relief. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-5-

_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE